NOT FOR PUBLICATION

**FILED**

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FELIPE GONZALEZ-GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1162

Agency No.
A074-797-181

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Felipe Gonzalez-Gonzalez ("petitioner"), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") decision affirming

the Immigration Judge's ("IJ") denial of his application for cancellation of removal.

Petitioner argues that his removal would cause "exceptional and extremely unusual"

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hardship to his stepson because it would interfere with his stepson's allergy treatments, hinder petitioner's ability to pay for the treatments, and be detrimental to his stepson's health. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the agency's hardship determination[1] for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under that standard, we may not "reweigh the evidence" and "must uphold the agency determination unless the evidence compels a contrary conclusion." *Singh v. INS*, 134 F.3d 962, 969 n.14 (9th Cir. 1998); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Our review of the agency's hardship determination is deferential "because this mixed question is primarily factual." *Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024) (citation modified).

1. Petitioner contends that the IJ and BIA failed to consider "in the aggregate" the hardship his stepson would experience upon removal. First, Petitioner argues the IJ failed to consider his stepson's allergies because the IJ stated that the

---

[1] "A nonpermanent resident is statutorily eligible for cancellation of removal if four elements are met: (A) physical presence for ten years; (B) good moral character; (C) no conviction for certain categories of crimes, including crimes involving moral turpitude; and (D) exceptional and extremely unusual hardship" to a qualifying relative. *Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1087 (9th Cir. 2025) (citing 8 U.S.C. § 1229b(b)(1)). The only criterion at issue in this court is whether petitioner has established his removal would cause "exceptional and extremely unusual hardship" to his stepson.

stepson suffered from "asthma," a condition that he does not have. But the IJ's mention of "asthma" rather than allergies appears to be a scrivener's error, not a legal one, and petitioner himself ignored the obvious mistake in his brief before the BIA. At bottom, the IJ considered that the stepson has a medical condition and receives treatment for it. And, in any event, the BIA specifically considered the stepson's "allergies."

2. Petitioner further contends the agency failed to adequately consider the impact of his removal on his stepson's ongoing allergy treatments as well as his inability to pay for the treatments in Mexico. But the BIA found that petitioner failed to establish his stepson would be unable to receive the treatments in Mexico. *See Matter of J-J-G-*, 27 I. & N. Dec. 808, 813 (B.I.A. 2020) ("Evidence that a qualifying relative will experience . . . a lower standard of medical care[] will be insufficient in itself to support a finding of exceptional and extremely unusual hardship" (citation modified)). The agency also found "no evidence" that either petitioner or his wife would be unable to find work in Mexico—which addresses petitioner's financial concerns. *See Gonzalez-Juarez*, 137 F.4th at 1008. The agency thus considered the hardship factors in the aggregate, and the record does not compel the conclusion that petitioner's stepson would experience "exceptional and extremely unusual hardship" upon petitioner's removal. *See id*. at 1006.

The petition is **DENIED.**